UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TIMOTHY LORITO, individually and as part owner of,
FOFO'S TOY INC. D/B/A THE EMPORIUM, and
FOFO'S TOY INC. D/B/A THE EMPORIUM

                              Plaintiff,

         -against-                                              **COMPLAINT**

COUNTY OF SUFFOLK, SUFFOLK COUNTY                               **JURY TRIAL DEMANDED**
POLICE DEPARTMENT, OFFICER GREGG DRZAL,
LIEUTENANT MANGOLIO, SERGEANT VOIGHT,                           Docket No. 14-CV-7489
OFFICERS JOHN/JANE DOE and RICHARD ROE
(the names and number of whom are unknown
at present) and other unidentified members
of the Suffolk County police Department both
individually and in their official capacities,

                              Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is an action to recover money damages arising out of Defendants' violation of

Plaintiffs' rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured

by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the

State of New York.

2.     Plaintiff Timothy Lorito ("Lorito"), individually, and as part Owner of Plaintiff

FoFo's Toy Inc. D/B/A The Emporium ("FoFo's") (together referred to as "Plaintiffs"), was

subject to, *inter alia*, assault, battery, excessive force, false arrest, false imprisonment, and

unreasonable seizure of his person.  Plaintiffs Lorito and FoFo's were both subject to unreasonable

seizure of property, loss of income, damage to reputation based on mistaken or unreliable identity

and/or mistaken or unreliable information by Defendants herein.  As a result of Defendants'

1

conduct, Plaintiffs Lorito and FoFo's jointly and/or severally suffered damages for which the instant action seeks to remedy.

**JURISDICTION**

3.      This action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

4.      Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

**VENUE**

5.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c)) and § 1402 (b) because the claims arose in this district and Plaintiffs reside in this district.

**PARTIES**

6.      Plaintiff Lorito is and was, at all relevant times, a resident of the County of Suffolk, State of New York.  Plaintiff Lorito is the President, Chief Executive Officer and part owner of Plaintiff FoFo's.

7.      Plaintiff FoFo's is a domestic business corporation organized, existing and doing business in the County of Suffolk, State of New York.  Plaintiff FoFo's does business as The

Emporium and is physically located at 9 Railroad Avenue, Patchogue, New York 11772 in the County of Suffolk, State of New York.

8.      Defendant County of Suffolk is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant County of Suffolk assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by Defendant Suffolk County Police Department.  Defendant County of Suffolk was at all relevant times herein the public employer of Defendants Officer Gregg Drzal, Lieutenant Mangolio, Sergeant Voight, and Officers John/Jane Doe and Richard Roe.

9.      Defendant Suffolk County Police Department's Officer Gregg Drzal, Lieutenant Mangolio, Sergeant Voight, and Officers John/Jane Doe and Richard Roe are and were at all times relevant herein duly appointed officers, employees and agents of Defendant Suffolk County Police Department.  The individual Defendants are being sued in their individual capacities as well.

10.     On or about December 23, 2013, the individual Defendants were acting under authority of state law in the course and/or scope of their duties and functions as agents, servants, employees and officers of Defendant Suffolk County Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.

11.     The individual Defendants were acting for and on behalf of Defendant Suffolk County Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of Defendant Suffolk County Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of Defendant Suffolk County

3

Police Department.

## NOTICE OF CLAIM

12.     Prior to the commencement of this action, Plaintiffs duly complied with all the conditions to bringing this action and, in particular, on or about March 20, 2014, within 90 days of the occurrence of this incident and more than 30 days prior to the commencement of this action, Plaintiffs filed written Notice of Claim against Defendants for adjustment of damages with the County of Suffolk, State of New York.  This matter has not been settled or otherwise disposed of.

13.     Prior to commencement of this action, a statutory hearing pursuant to Section 50-h of the General Municipal Law was held on or about October 22, 2014 and for more than 30 days before the commencement of this action, Defendants neglected and refused to make an adjustment or payment of the claim and the claims remain unadjusted, although duly demanded, and less than 1 year and 90 days have elapsed since the accrual of the causes of action herein.

## STATEMENT OF FACTS

14.     On or about December 23, 2013, at approximately 1:45 a.m., Plaintiff Lorito was at the premises of Plaintiff FoFo's D/B/A location known as The Emporium ("the venue"), located at 9 Railroad Avenue, Patchogue, New York, in his official capacities.

15.     Upon information and belief, three sons of Officer Drzal were attending the venue that evening for leisure purposes.

16.     Approximately fifteen minutes prior to Plaintiff Lorito arriving at the venue, Officer Drzal's three sons attacked other patrons inside the venue; a fight ensued and all three of Officer Drzal's sons were either ejected from the venue by security or left on their own volition.

17.     Plaintiff Lorito witnessed Officer Drzal's sons outside the venue after they had been ejected; one of Officer Drzal's sons had stated he was on the phone with his father and that he was going to have the venue shut down.  The second of Officer Drzal's sons attempted to regain access to the venue after having been ejected for attacking another patron; this son was being restrained by the third of Officer Drzal's sons.

18.     Plaintiff Lorito spoke with his head of security, Timothy Sadowski, at the entrance of the bar to determine what had transpired.  At that time, Plaintiff Lorito learned that these three individuals were Officer Drzal's sons and that they had been ejected after they attacked other patrons and started a fight.

19.     Simultaneously, Officer Drzal's sons continually to scream expletives and exhibited belligerent behavior in front of the venue.  Officer Drzal's sons also stated their father, Officer Gregg Drzal ("Officer Drzal"), was coming to the venue, that "you guys fucked with the wrong people" and that the police were going to shut the venue down.

20.     Security officers present at the venue urged Officer Drzal's sons to leave the venue during this time; however, they did not leave.

21.     Approximately fifteen to twenty minutes after Plaintiff Lorito observed Officer Drzal's three sons at the front of The Emporium, Officer Drzal approached the venue accompanied by another uniformed officer.

22.     Plaintiff Lorito recognized Officer Drzal while he stood at the entrance of the venue.  Plaintiff had interacted with Officer Drzal on prior occasions while Officer Drzal was on duty as a Suffolk County Police Officer.

23.     Officer Drzal was in plain clothes on the night of the incident; however, while at the entrance to the venue, Officer Drzal identified himself as a police officer, demanded from

security at the entrance that he speak to the owner of the venue and demanded immediate access to the facility.

24.     Security at the entrance granted Officer Drzal immediate access to the venue based on his representation of being a Suffolk County Police Officer.

25.     Upon gaining access to the venue, Officer Drzal immediately approached Plaintiff Lorito in or around the entrance to the building.

26.     Officer Drzal screamed expletives at Plaintiff Lorito, called him a "piece of shit" and a "fucking prick" and grabbed Plaintiff Lorito by the shirt and neck; Officer Drzal wrapped two fingers around Plaintiff's throat and began to squeeze Plaintiff's throat, choking him.

27.     Plaintiff Lorito removed Officer Drzal's hand from his neck and raised his hands in the air.  Plaintiff Lorito attempted to calm Officer Drzal down repeatedly but to no avail.

28.     Plaintiff Lorito asked Officer Drzal to move to the side out of the doorway and walkway.

29.     Officer Drzal followed Plaintiff Lorito and before Plaintiff Lorito could attempt to speak to Officer Drzal again, Officer Drzal attacked Plaintiff, punching him in the left eye.

30.     Plaintiff grabbed his left eye and hunched over in pain while Officer Drzal continued to scream at him, calling him a "faggot" and a "bitch," telling Plaintiff he was not through beating him yet.

31.     Officer Drzal then grabbed a metal barricade, which Plaintiff had used to steady himself after Officer Drzal's initial blow to Plaintiff Lorito's head, and yanked the barricade upward, striking Plaintiff in the head and face with the barricade.

32.     Plaintiff Lorito was stood up by the blow to his head and face, temporarily dazed.

33.     Plaintiff escaped Officer Drzal's attack through a separate entrance that one of the

other security guards had opened.  Officer Drzal continued to scream at Plaintiff, calling him a "fucking bitch" and stating that he was shutting the venue down.

34.     Plaintiff then called 9-1-1 from his cell phone and told the operator he had been assaulted by a local police officer, that he was the owner of The Emporium, that he felt like he was in danger and that he did not feel comfortable with the same precinct responding to the call.

35.     After Plaintiff Lorito escaped Officer Drzal's attack, and about three minutes after Officer Drzal initiated his attack, Sergeant Voight ("Voight") and Lieutenant Mangolio ("Mangolio"), both of the 5th Precinct, arrived on scene.

36.     Voight summoned Plaintiff and his manager Matt Dill ("Dill") out of the building. Voight also directed the Disc Jockey to stop playing music, have the lights in the venue turned on, and mandated that the venue empty out.

37.     The Emporium was effectively shut down and all customers were evacuated into the street.

38.     As Plaintiff exited the building per Voight's mandate, Plaintiff Lorito heard the announcement over the speakers that the police were closing the venue and that everyone had to leave immediately.

39.     When Plaintiff exited the venue, he observed that approximately 16 other uniformed Suffolk County Police officers and emergency service personnel had arrived on the scene.

40.     Voight instructed Plaintiff and Dill to stand in front of a police car parked directly outside the establishment as the 16 uniformed Suffolk County Police officers lined up in front of the venue.  Voight mandated that Plaintiff not to move from the spot in front of the car until further notice.

41.     Voight acted brashly and abrasively, threatening Plaintiff stating he "had enough of this place" and admonished him not to fuck with the Suffolk County Police Department.

42.     Voight then asked one of Officer Drzal's sons to point out if either Plaintiff Lorito or Dill were involved in the altercation inside the venue.  Dill was pointed out, immediately arrested and taken into custody.

43.     Plaintiff then informed Voight and Mangolio that he had called the police because of Officer Drzal's assault and that he had the entire occurrence between Officer Drzal and himself on video.

44.     At Voight's and Mangolio's direction, Plaintiff escorted Voight and Mangolio into the facility and showed them the security footage.  Voight and Mangolio also watched the cell phone video that had been taken by Plaintiff's head of security Timothy Sadowski.

45.     After viewing the footage, Voight's demeanor had changed from brash and abrasive to apologetic; he also stated that he wished Officer Drzal had not taken the actions he had by himself.

46.     Thereafter, Voight and Mangolio had Dill released from custody without filing any charges and asked Plaintiff to given a written statement.

47.     Voight apologized to Plaintiff regarding how the incident had transpired, stated that he should not have closed the venue down and that he had been misinformed.

48.     Voight then took a statement from Plaintiff Lorito regarding the incident.

49.     Officers from the 6th Precinct responded to Plaintiff Lorito's call regarding Officer Drzal's assault approximately 45 minutes later.  One officer stated he was with Internal Affairs.

50.     These officers accessed Plaintiffs' surveillance system and took a copy of the video that had captured Officer Drzal's assault on Plaintiff Lorito.

51.     As a result of Officer Drzal's assault, Plaintiff sustained injuries to his left eye and head.

52.     Plaintiff was unable to see a doctor until after Christmas; he saw Dr. Urmaza at St. Lucy's Eye Care Center, located at 887 Church Street, Bohemia New York.

53.     Dr. Urmaza diagnosed Plaintiff with a corneal abrasion and prescribed medication. He also diagnosed Plaintiff with impaired vision in the eye that was struck by Officer Drzal.

54.     Plaintiff experienced and continues to experience difficulty in opening his eye, blurriness in vision, dryness, tingling and a sensation that he had particles in his eye.

55.     Plaintiff also suffered emotional distress, mental anguish and anxiety as a result of Defendants' conduct.

56.     Additionally, as a result of Defendants' conduct, Plaintiffs Lorito and Fofo's both sustained economic damages in the form of lost income, lost revenue, lost profits and lost benefits.

57.     Defendants conduct continues to cause Plaintiffs loss of income, revenue, profits and benefits.

## FIRST CAUSE OF ACTION
(FOURTH AND FOURTEENTH AMENDMENT RIGHTS VIOLATION)

58.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

59.     Defendants, who were acting in concert and within the scope of their authority, unlawfully confined and detained Plaintiff Lorito without reasonable suspicion or probable cause in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

9

60.     Defendants, who were acting in concert and within the scope of their authority, unlawfully seized Plaintiff FoFo's property in violation of Plaintiffs' right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

61.     Plaintiffs were damaged as a result of the Defendants' conduct.

## SECOND CAUSE OF ACTION
(ASSAULT - State Law)

62.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

63.     Upon approaching Plaintiff Lorito, Defendants, who were acting in concert and within the scope of their authority, unlawfully assaulted Plaintiff Lorito and made Plaintiff fear for his physical well-being and safety, and placed him in apprehension of immediate harmful and/or offensive touching.

64.     Plaintiff was damaged by the assault committed by the Defendants.

## THIRD CAUSE OF ACTION
(ASSAULT - 42 U.S.C. Section 1983)

65.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

66.     Upon approaching Plaintiff Lorito and arresting him, Defendants made Plaintiff Lorito fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

67.     Defendants have deprived Plaintiff Lorito of his civil, constitutional and statutory

rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. Section 1983 and 1985.

68.     Plaintiff was damaged by the assault by Defendants.

### FOURTH CAUSE OF ACTION
(BATTERY - State Law)

69.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

70.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff Lorito with the intention of causing harmful and/or offensive bodily contact to Plaintiff and caused such battery.

71.     Plaintiff was damaged by the battery of the Defendants.

### FIFTH CAUSE OF ACTION
(BATTERY - 42 U.S.C. Section 1983)

72.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

73.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, maliciously, excessively, and unnecessarily battered Plaintiff Lorito with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

74.     Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. Section 1983 and 1985.

75.     Plaintiff was damaged by the battery of the Defendants.

11

## SIXTH CAUSE OF ACTION
### (FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION)

76.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

77.     Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously subjected Plaintiff to excessive force when they, in a hostile and/or offensive manner caused the Plaintiff to be repeatedly battered and struck, and slammed against a wall without any provocation, cause, or resistance from plaintiff with the intention of causing harmful and/or offensive bodily injury to Plaintiff and caused such injury in violation of his right to be free of an unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States.

78.     Plaintiff was damaged by the excessive force of the Defendants.

## SEVENTH OF ACTION
### (FALSE ARREST - State Law)

79.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

80.     Defendants subjected Plaintiff Lorito to false arrest, imprisonment, and deprivation of liberty without probable cause.

81.     As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged.

## EIGHTH CAUSE OF ACTION
### (FALSE ARREST - 42 U.S.C. Section 1983)

82.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same

force and effect as if more fully set forth at length herein.

83.    Defendants subjected Plaintiff Lorito to false arrest, imprisonment, and deprivation of liberty without probable cause.

84.    Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. Section 1983 and 1985.

85.    As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged.

## NINTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

86.    Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

87.    Defendant County of Suffolk directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiffs as a result of the conduct of its employees, agents and servants.  The conduct of the Defendant officers was a direct consequence of policies and practices of Defendant County of Suffolk.

88.    At all times relevant to this complaint, Defendant County of Suffolk, acting through Defendant Suffolk County Police Department, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

89.    At all times relevant to this complaint, Defendant County of Suffolk, acting through the Defendant Suffolk County Police Department, and through the individual Defendants, had policies, practices, customs, and usages of engaging in the unreasonable search and seizure of persons, unreasonable search and seizure of property, false arrest, false imprisonment, excessive

force, assault, and battery.

90.     Upon information and belief, Defendant County of Suffolk planned and implemented a policy, practice, custom and usage of engaging in the unconstitutional conduct of unreasonable search and seizure of persons, unreasonable search and seizure of property, false arrest, false imprisonment, excessive force, assault, and battery.

91.      Therefore, the Defendant County of Suffolk's policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein by Plaintiffs.

92.     Defendant County of Suffolk knew or should have known of its employees', agents' or servants' propensity to engage in the illegal and wrongful acts detailed above.

93.     Upon information and belief, Defendants County of Suffolk police officers have in the past engaged in unlawful and unconstitutional conduct.

94.     Defendant County of Suffolk has failed to take the steps to discipline, train, supervise, or otherwise correct the improper, illegal conduct of the Defendants in this and in similar cases involving misconduct.

95.     Defendant County of Suffolk has damaged Plaintiffs by its failure to properly supervise, hire, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving misconduct.

96.     As a result of the wrongful acts of Defendant County of Suffolk, Plaintiffs have been damaged.

**<u>TENTH CAUSE OF ACTION</u>**

(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

14

97.     Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

98.     Defendants' conduct, described above, exceeded all reasonable bounds of decency.

99.     Defendants' conduct was intended to, and did cause severe emotional distress to Plaintiff Lorito.

100.    Defendants' conduct was the direct and proximate cause of injury and damage to Plaintiff Lorito and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

101.    As a result, Plaintiff was deprived of his liberty and subject to serious physical and emotional pain and suffering and was otherwise damaged and injured.

**ELEVENTH CAUSE OF ACTION**
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

102.    Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

103.    Defendants' conduct, in assaulting, battering and falsely imprisoning Plaintiff Lorito was careless, negligent and/or reckless as to the emotional health of Plaintiff and caused severe emotional distress to Plaintiff Lorito.

104.    Defendants' conduct was the direct and proximate cause of injury and damage to Plaintiff Lorito and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

105.    As a result, Plaintiff was deprived of his liberty and subject to serious physical and emotional pain and suffering and was otherwise damaged and injured.

15

## TWELFTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR LIABILITY OF THE COUNTY OF SUFFOLK FOR STATE LAW VIOLATIONS)

106.    Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

107.    The conduct of Defendants Suffolk County Police Department and Defendants Officer Drzal, Lieutenant Mangolio, Sergeant Voight, and Officers John/Jane Doe and Richard Roe alleged herein occurred while they were on duty and in uniform and/or in and during the course and scope of their duties and functions as Suffolk County Police officers, and while acting as agents, officers, servants and employees of Defendant County of Suffolk.  As a result, Defendant County of Suffolk is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

108.    Plaintiffs were damaged as a result of the Defendant's conduct.

## THIRTEENTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)

109.    Plaintiffs repeat, reiterate and reallege each and every allegation with the same force and effect as if more fully set forth at length herein.

110.    Plaintiffs had a business relationship with their customers.

111.    Defendants knew of this relationship.

112.    Defendants used improper or illegal means that amounted to a separate and independent cause of action.

113.    Defendants' conduct injured the preexisting relationship between Plaintiffs and their customers.

16

114.    Defendants are liable for the damages suffered by Plaintiff as a result of the conduct of its employees, agents and servants.

## JURY DEMAND

115.    Plaintiffs hereby demand trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief jointly and severally against all Defendants:

A.    Compensatory damages in the amount to be determined by a jury, including but not limited to economic and emotional damages;

B.    Punitive damages in an amount to be determined by a jury;

C.    Injunctive relief;

D.    Costs, interest and attorneys' fees;

E.    Such other and further relief as the Court shall deem just and proper.


DATED:        December 23, 2014                _/s/ Robert J. Valli Jr._
              Garden City, New York            Robert J. Valli Jr.
                                               Valli Kane & Vagnini, LLP
                                               600 Old Country Road, Suite 519
                                               Garden City, NY 11530