# Valli Kane & Vagnini
## Attorneys at Law

600 Old Country Road  
St. 519  
Garden City, New York 11530

Tel: 516-203-7180  
Fax: 516-706-0248  
www.vkvlawyers.com

February 25, 2016

**VIA ECF**

The Honorable Steven I Locke, U.S.M.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re:    *Lorito, et al v. County of Suffolk, et al*
       Case No. 14-cv-07489 (JFB) (SIL)

Dear Magistrate Judge Locke:

     We represent Plaintiffs Timothy Lorito and FoFo's Toy Inc (d/b/a The Emporium) (collectively, "Plaintiffs") in the above-referenced action. We submit this letter seeking guidance concerning how to complete depositions and obtain responses to discovery demands by the deadline (March 4, 2016) set by the Court [Dkt No. 17] in view of: (i) the pretrial conference scheduled to be held on April 21, 2016 [Dkt No. 18]; and (ii) the letter motion [Dkt No. 19] filed by defendant Drzal's counsel, seeking to withdraw as attorneys of record for defendant Drzal, which was denied by the Court [Minute Entry dated January 4, 2016].

     Plaintiffs' counsel noticed the depositions of Defendant Drzal and of Police Officers Sgt. Voight and Lt. Mangolio, respectively. Defendants, in turn, noticed the deposition of Plaintiffs. These depositions have not been conducted because Dendant Drzal's counsel (Davis & Ferber, LLP) are unwilling to participate further in this matter, despite the Court's denial of their motion to withdraw as defendant Drzal's counsel.

     Similarly, Plaintiff's counsel issued discovery demands upon: (1) defendant Drzal; and (2) the County of Suffolk on or about June 15, 2015. Both Defendants Drzal's and County of Suffolk objected to substantial portions of Plaintiff's discovery demands and declined to provide substantive responses.

Subsequently, we made attempts to follow-up on these discovery demands, including a letter requesting a meet and confer pursuant to FRCP Rule 37, dated February 11, 2016 (attached hereto as Exhibit A).

While Plaintiff could, in theory, file a motion to compel in connection with the depositions and to obtain responses to the discovery demands, it seems unlikely that such a motion could be resolved prior to the March 4, 2016 discovery deadline and, in any event, such motion practice seems like an inefficient way to resolve this issue. Instead, we request a pre-motion conference in the hope of resolving these discovery matters without unnecessary motion practice and to minimize the resources expended by the parties and the Court.

Respectfully submitted,

Robert J. Valli, Jr.

cc: All attorneys of record, via ECF.